IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARK CHRISTOPHER SCHMADER,

      Plaintiff,

v.                                                                         No. CIV-07-1220 JH/WDS

RON TORRES,
THADDEUS LUCERO,
JOHN DANTIS,
CANTEEN OF AMERICA,

      Defendants.

MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's civil rights complaint. Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, certain of Plaintiff's claims will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, --- U.S. ---, ---, 127 S. Ct. 1955, 1974 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the

allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that the conditions of Plaintiff's confinement have resulted in a number of constitutional violations. For relief, Plaintiff seeks damages and rescission of a plea agreement in a state criminal proceeding. "[W]here an inmate seeks injunctive relief challenging the fact of his conviction or the duration of his sentence. . . , [s]uch claims fall within the 'core' of habeas corpus and are thus not cognizable when brought pursuant to § 1983." *Nelson v. Campbell*, 541 U.S. 637, 643 (2004) (citing 42 U.S.C. § 1983; *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)). The Court will dismiss Plaintiff's claim for rescission of his plea agreement, without prejudice to his right to pursue habeas corpus remedies. Notice and waiver of service forms will be issued for Defendants Canteen of America [Canteen of Central New Mexico] and Torres on Plaintiff's claims for damages. Plaintiff will be allowed a reasonable time to provide addresses for serving Defendants Lucero and Dantis.

IT IS THEREFORE ORDERED that Plaintiff's claim for rescission of his plea agreement is DISMISSED without prejudice to his right to pursue habeas corpus remedies;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, with copies of the complaint, for Defendants Canteen of America [Canteen of Central New Mexico, Inc.] and Torres.

_____
UNITED STATES DISTRICT JUDGE