## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**MARK CHRISTOPHER SCHMADER**

    Plaintiff,

v.                                                                                                No. CIV 07-01220 JH/WDS

**RON TORRES, THADDEUS LUCERO,**
**JOHN DANTIS, and CANTEEN OF AMERICA,**

    Defendants.

### MEMORANDUM OPINION AND ORDER DISMISSING CASE

THIS MATTER comes before the Court on its Order to Show Cause, filed May 20, 2009 (Doc. 35). In that Order, the Court required Plaintiff Mark Christopher Schmader to show "cause why the Defendants' *Motion to Dismiss or, Alternatively, to Extend the Discovery Deadlines and Impose Sanctions for Failure to Make Discovery and Memorandum in Support Thereof* [Doc. No. 31] should not be granted for Plaintiff's failure to participate in discovery." Doc. 35 at 2. The Court has considered Schmader's *Request to Extend Deadlines and/or Hold Litigation in Abeyance Due to Plaintiff's Inability to Participate in Discovery or Trial*, filed June 2, 2009 (Doc. 36) in response to the Court's Order to Show Cause.

In his response, Schmader claims (without supporting his statements with any medical or other evidence) that his "health and overall condition has continued to deteriorate to the extent that he cannot sufficiently concentrate on this legal action." Doc. 36 at 1. Schmader does not state what his health conditions are that have prevented him from complying with the Court's discovery orders, appearing for his scheduled deposition, or responding to the motion to dismiss, but that have *not* prevented him from concentrating on and filing his own requests for discovery. *See, e.g.*, Doc. 27 (Schmader's Request for Discovery requesting fifteen different categories of documents or

information).  Further, when the Defendant asked Schmader "whether he has taken any medications on a regular basis for the past ten (10) years whether prescribed or not, and to identify what the medication is, the medical doctor who prescribed them, the purpose for which the medication was prescribed or is taken, and how long Plaintiff has been taking the medications," he "responded to the interrogatory by stating, 'none known.'" Doc. 26 at 10.

Schmader failed to comply with the Court's March 17, 2009 Order granting Defendant Ron Torres' motion to compel and made no attempt to timely seek additional time in which to comply. *See* March 17, 2009 Order (Doc. 30) (directing Plaintiff to fully answer Torres' interrogatories and requests for production within ten days).  He has not responded to Torres' Motion to Dismiss.  And he has refused to give basic information, to sign authorizations for the release of his medical, employment, educational, and tax records and failed to appear for his scheduled deposition on March 9, 2009.  *See* Doc. 31 at 7; *id.* Ex. D.  Discovery in this case closed on March 13, 2009.

Whenever a court considers whether to dismiss an action for failure to obey the court's orders or as a discovery sanction, the court should consider the factors set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992). *See Mobley v. McCormick*, 40 F.3d 337, 340-41 (10th Cir. 1994).  A dismissal with prejudice "should be used as a weapon of last, rather than first, resort." *Id.* at 340 (internal quotation marks omitted).  Before dismissing a complaint, a trial court should ordinarily consider: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . .. (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Id.* (internal quotation marks omitted).

The Defendants have been severely prejudiced because Schmader has repeatedly and wilfully refused to comply with numerous reasonable requests for information and has refused to be deposed

during the discovery period, and discovery has now closed. Schmader's refusal to comply with the Court's direct orders compelling him to comply with discovery have unduly interfered with the judicial process and the efficient scheduling of litigation. Schmader's excuse that he has undescribed health conditions for which he apparently takes no medication and that only selectively interfere with his ability to concentrate is incredible, and he has not rebutted the Defendant's contentions that his refusals to cooperate in discovery have been wilful and culpable. Schmader states that he is indigent, and he has been granted *in forma pauperis* status in this case, so monetary sanctions do not seem to be appropriate or effective. But the Court has not formally warned Schmader that dismissal with prejudice is a likely sanction. The Court therefore concludes that dismissal without prejudice is the most reasonable and just sanction in this case. If Schmader regains his ability to concentrate enough to file a complaint against these Defendants in the future, however, the Court will entertain a motion to deny any objections he may have to discovery requests that he has not timely responded to in this case.

**IT IS ORDERED** that Defendant Torres' Motion to Dismiss (Doc. 31) is GRANTED and Schmader's Request to Extend Deadlines or Hold Litigation in Abeyance (Doc. 36) is DENIED, and this action is DISMISSED without prejudice.

_____
UNITED STATES DISTRICT COURT